## Brewer's Appeal.

A. took an assignment of a mortgage under an agreement with B., a prior mortgagee, and C., the mortgagor, that in consideration of the payment to B., of a part of the consideration of said assignment, B. should satisfy his prior mortgage. Upon B.'s failure and refusal so to do, A. filed a bill in equity praying that B. be directed to satisfy said mortgage, and ad interim be enjoined from its assignment. On the hearing before the Master and Examiner, B. testified: "I am at present a resident of Ohio."

*Held*, that as it did not appear that B. was a non-resident of Pennsylvania when the bill was filed, and as A. was, at that time, neither mortgagor nor owner of the mortgaged premises, the latter could obtain no relief at law under the Act of March 31st 1823 (P. L. 216), providing for the satisfaction of mortgages, where payment has been made, and the mortgagee has died or removed from the state.

*Held, further*, that A. was entitled to the equitable relief prayed for.

October 26th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT and CLARK, JJ. GREEN, J., absent.

APPEAL and CERTIORARI to the Court of Common Pleas No. 2 of *Allegheny county* : Of October and November Term 1883, No. 57.

This was an appeal and certiorari by James P. Brewer, in his own right and as executor of Ebenezer Brewer, deceased, from a decree of the said court, enjoining him from assigning or transferring a certain mortgage, and ordering him to enter satisfaction thereof upon the record.

The decree was entered in accordance with the prayers of a bill in equity, filed March 1st 1878, and served July 6th 1878, wherein D. H. Toomey was complainant and James P. Brewer was respondent, which set forth the following facts : That in June 1876, one Reuben E. Robinson, then the owner of a certain property situate at Haysville, Allegheny county, Pa., applied to Isaac M. Pennock, a real estate broker, to negotiate for him a loan of $12,000, to be secured by a bond and mortgage on said property ; that this property was at the time encumbered by four mortgages, the first, or " McNish " mortgage, being held by Brewer partly in his own right and partly as executor of Ebenezer Brewer, deceased, and the other three being held by Brewer in his own right; that in June 1876, Toomey agreed to loan Robinson the sum of $12,000, and take as security therefor a mortgage on said property : that this mortgage was executed to Isaac M. Pennock on June 8th 1876, and assigned by him on the 27th of said month to Toomey, when the said $12,000 was paid.; that prior to said loan and assignment, and as a consideration therefor, Brewer agreed with Toomey and Robinson to satisfy the first mortgage so held by him, and to postpone the lien of the other three mortgages,

so that the Pennock mortgage, of which Toomey was the assignee, should be the first lien on said property; that the consideration of this agreement was the payment to Brewer of $5,650 of the said $12,000, and the additional transfer to him by said Robinson of certain collateral security; that in pursuance of such agreement, Brewer entered of record instruments of writing, postponing the second, third, and fourth mortgages, in the following form :

"For value received, the lien of this mortgage is hereby postponed in favor of a certain mortgage given by R. E. Robinson to Isaac M. Pennock, dated June 8th and recorded June 17th 1876, vol. p., for $12,000, and this day assigned to D. H. Toomey, being the intention hereby to make said last mortgage a first lien on the property therein described.

"Witness my hand and seal, June 27th 1876.
"Attest:                     JAMES P. BREWER.     [Seal.]
"WM. RIDLE."

The plaintiff averred that Brewer neglected to satisfy the first or "McNish" mortgage, and although often requested, now refuses so to do, and claims to hold said mortgage as an existing encumbrance and first lien on the property in question.

The bill, therefore, prayed (1) that Brewer be enjoined from assigning or transferring said mortgage; (2) that he be required to perform specifically said agreement, and satisfy the McNish mortgage; and (3) general equitable relief.

The respondent in his answer admitted an agreement to postpone the second, third and fourth mortgages, but denied that he had made any agreement with Toomey, either for the consideration named in the bill or for any consideration, to satisfy the McNish mortgage.

The testimony taken by the Master and Examiner (John C. Newmeyer, Esq.), was conflicting; that for the complainant consisted of the evidence of Pennock, Robinson and Stewart, and was to the effect that Brewer had made the agreement to satisfy the McNish mortgage with Robinson, Pennock, and Stewart, Toomey's attorney; that Toomey had taken the mortgage on Robinson's property on the faith of said agreement, and had paid to Brewer $5,650 of the $12,000 in consideration therefor. Brewer, who was the only witness in his own behalf, testified : "I am at present a resident of Cleveland, Ohio." He further testified that the agreement to postpone the second, third and fourth mortgages did not include the satisfaction of the first; that even if it had, the said agreement was made with Robinson, and that Toomey was not privy thereto; that no consideration moved from Toomey to him to support the alleged agreement. He further contended as matter of law that the court had no jurisdiction; that as he was a resident of Ohio, an adequate

remedy was afforded the complainant at common law under the Act of March 31st 1823 (P. L. 216), which provides for the satisfaction of mortgages, where payment has been made and the mortgagee has died or removed from the state.

The Master held that the averments of the bill were substantially sustained by the evidence; that, as the complainant was neither a mortgagor nor owner of the mortgaged premises so as to entitle him to relief under the Act of March 31st 1823 (P. L. 216), the Court of Equity had full jurisdiction in the premises. He, therefore, recommended a decree in accordance with the prayers of the bill.

Exceptions filed to the Master's findings of law and fact were dismissed by the court and a decree entered enjoining the respondent from assigning or transferring the McNish mortgage and directing him to enter satisfaction thereof of record. Whereupon the respondent took this appeal, assigning as error, the dismissal of his exceptions and the entry of the said decree.

*Dalzell* (*Hampton* with him), for the appellant.

*Montooth Brothers,* for the appellee.

Mr. Justice TRUNKEY delivered the opinion of the court, January 7th 1884.

The findings of facts by the Master are warranted by the testimony of three witnesses, corroborated by the circumstances.

Pennock testifies that he sold the mortgage to Toomey as the first lien; that at the time of closing the arrangement before the money was paid, the distinct understanding of all parties was, that Brewer was to satisfy or postpone all the mortgages then existing prior to the Pennock mortgage, but does not remember which he was to satisfy and which postpone; that he, with Brewer, Robinson, Montooth and Stewart, who represented Toomey, went to the recorder's office, where he saw Brewer receive from Stewart five thousand, six hundred and fifty dollars, and satisfy or postpone one or more of the mortgages; and that he left, supposing the arrangement had been carried out. Robinson states the terms of the agreement more specifically, and says that the McNish mortgage was to be satisfied upon the payment to Brewer of five thousand, six hundred and fifty dollars. Stewart's testimony shows that he understood that Brewer agreed to satisfy the McNish mortgage, and that he paid the money believing it had been satisfied. The written postponements of the three mortgages recite that it was the intention to make the mortgage assigned to Toomey the first lien on the property therein described. This glance

at the testimony is not for vindication of the Master's conclusions of fact, but for ascertainment whether Toomey was privy to the contract and paid out his money in consideration of the satisfaction and postponement of the prior mortgages. Unless Brewer alone remembers the truth upon the controlling points in the case, Toomey paid his money for the mortgage upon Brewer's agreement to make it the first lien. The testimony against him is too strong to be discarded. He claims there was no privity between himself and Toomey. But Toomey's attorney was present at the making of the contract that the Pennock mortgage should be made the first lien, and paid the money for it (Brewer receiving part), when he thought that contract had been accomplished.

By mistake, satisfaction of the McNish mortgage was not entered, and Brewer now refuses to enter satisfaction and denies the agreement. It matters not, that afterwards, he and Robinson made a different application of the money, for they had no right to make a new arrangement to the prejudice of Toomey. Brewer, claiming that the McNish mortgage is unpaid and in force, it is within the province of a Court of Equity to compel him to perform his undertaking, which induced Toomey to pay his money.

No question arises whether the appellant had power to release or postpone the lien of a mortgage in favor of the estate of Ebenezer Brewer, deceased, for he was executor and actually received the money on the mortgage to an amount exceeding the sum owing to the estate.

The appellant denies jurisdiction in equity on the ground that the plaintiff had an adequate remedy under the Act of March 31st 1823, P. L. 216, which provides that where the legal holder of a mortgage has removed, or shall be out of the state, and payment being made of all the money or amount due, or to become due thereon, and shall so continue for two years, the mortgagor, or the owner of the mortgaged premises, may petition the court of Common Pleas for a decree of satisfaction of the mortgage. It does not appear when Brewer became a resident of Ohio. He resided there at the time he testified, but he nowhere avers that he was a non resident of Pennsylvania when the action was begun. Toomey was neither the mortgagor nor owner of the mortgaged premises when he brought suit. Without further note, it is plain that this case is not within the terms of the Act of 1823, and it is unnecessary to determine whether, if the plaintiff could have relief under that Act, his bill in equity could be sustained.

Decree affirmed and appeal dismissed at the cost of the appellant.